IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOHN EDWARD ALLUMS #578848 | § | |
| v. | § | CIVIL ACTION NO. 9:10cv162 |
| WARDEN OLIVER, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff John Allums, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint, Allums said that he was placed in pre-hearing detention on January 10, 2010, but was left there for 17 or 18 days without being released or having a disciplinary hearing conducted, as required by TDCJ regulations, or having an extension authorized by the warden. When he finally had his disciplinary hearing, he objected to this extended confinement, but the objection was overruled.

Allums received his disciplinary conviction on February 9, 2010. The next day, he was taken to an administrative segregation hearing without the requisite 24 hour notice. He filed a Step One and Step Two appeal of the disciplinary case, which were denied; however, he later wrote to the Disciplinary Administrator, and the counsel substitute headquarters had his case overturned. This happened on May 6, 2010, but the prison officials refused to release him from segregation; instead, they re-served him with the same disciplinary case. On May 18, 2010, Allums was again found

1

guilty. He appealed, and the case was once more overturned at the Step Two level. Allums was released from administrative segregation on August 12, 2010.

In his lawsuit, Allums says that he was unlawfully confined, in pre-hearing detention or administrative segregation, from January 13 to August 11, 2010, and asks for damages of $100.00 per day from each defendant.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge relied on Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995) in addressing the question of whether or not Allums had set out the denial of a constitutionally protected liberty interest. That case held that States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, but these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship upon the inmate in relation to the ordinary incidents of prison life. Sandin, 115 S.Ct. at 2301.

In the present case, the Magistrate Judge determined that neither Allums' claims of overly long confinement in pre-hearing detention, nor his confinement in administrative segregation, set out the deprivation of a constitutionally protected liberty interests, because neither pre-hearing detention nor administrative segregation are outside of the experiences that are incident to the ordinary life as a prisoner. Eddie v. Johnson, 235 F.3d 1340, 2000 WL 1672789 (5th Cir., October 17, 2000, *citing* Sandin); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). The Magistrate Judge recognized that confinement in administrative segregation could implicate a liberty interest where "extraordinary circumstances" are shown, but concluded that no such circumstances had been shown in this case. Because no liberty interest was implicated, the Magistrate Judge recommended that Allums' lawsuit be dismissed. The Magistrate Judge also stated that to the extent that Allums claimed that the prison officials violated TDCJ policy, this contention lacked merit because violations of TDCJ rules do not in and of themselves amount to constitutional violations.

Allums filed objections to the Report of the Magistrate Judge on February 1, 2011. In his objections, Allums first sets out the TDCJ Disciplinary Rules and Procedures and argues that these are "state created rules," showing that his due process rights were violated by a decision to confine him in administrative segregation based on a procedurally deficient hearing. He also contends that his due process rights were violated when he was held in pre-hearing detention for longer than ten days. Thus, he says, his lengthy confinement in pre-hearing detention, followed by placement in administrative segregation based on a procedurally defective hearing, violated a liberty interest which is protected by the Due Process Clause.

Allums explains that he has a liberty interest in being free from administrative segregation, based on the criteria for placing inmates into pre-hearing detention as well as the time limits there. He cites Walker v. Bates, 23 F.3d 652 (2nd Cir. 1994), which held that restrictive confinement or disciplinary segregation in the State of New York did implicate a protected liberty interest; however, Walker pre-dated Sandin and used the pre-Sandin analytical framework, and thus has little if any precedential value.

Finally, Allums again points to copies of the TDCJ disciplinary rules, which he attaches to his objections. These rules provide that whenever possible, a hearing will be held within 72 hours after the inmate's placement in pre-hearing detention, and if no disciplinary hearing is held within 10 days, the inmate shall be released from pre-hearing detention or given a hearing under the Administrative Segregation Plan to determine if the criteria for placement in security detention or protective custody have been met.

Allums' objections are without merit. The Magistrate Judge correctly concluded that under the analytical framework of Sandin, the relevant question is the nature of the deprivation, and the deprivations at issue in this case - confinement in pre-hearing detention for what Allums considers an excessive period of time, and confinement in administrative segregation until the disciplinary case was finally overturned - do not impose atypical or significant hardships upon prisoners in relation to the ordinary incidents of prison life, and do not fall outside of the experiences of the ordinary life

of a prisoner. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (administrative segregation is incident to the ordinary life of a prisoner and will never be a ground for a due process claim, absent extraordinary circumstances, because it "simply does not constitute a deprivation of a constitutionally cognizable liberty interest.") As the Magistrate Judge correctly noted, Allums has not shown that "extraordinary circumstances" exist in this case.

Even if the Defendants' actions violated prison rules and regulations, as Allums argues, this does not automatically mean that a constitutional violation took place. The Fifth Circuit has held that a violation of prison rules alone is not sufficient to rise to the standards of a constitutional claim. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Stanley v. Foster, 464 F.3d 565, 569 (5th Cir. 2006). Allums' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall send a copy of this Memorandum Opinion to the Administrator of the Three Strikes List for the Eastern District of Texas.

So **ORDERED** and **SIGNED** this 7 day of **February, 2011.**

_____
Ron Clark, United States District Judge